**UNITED STATES of America Plaintiff,**

v.

**Miguel RIVERA–SOLIS; Angel Ventura–Isales; Carlos Ventura–Melendez; Ivan Ventura–Melendez; Jose Ventura–Melendez, Defendants.**

Criminal Nos. 00–393(JAF), 00–398(JAF), 00–399(JAF), 00–400(JAF), 00–401(JAF).

United States District Court,
D. Puerto Rico.

Sept. 12, 2000.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

Wilma E. Reveron–Collazo, Linda Backiel, San Juan, PR, for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

Defendants, Miguel Rivera–Solís; Angel Ventura–Isales; Carlos Ventura–Meléndez; Iván Ventura–Meléndez; and José Ventura–Meléndez, move to disqualify United States Navy personnel from serving as Special Assistant United States Attorneys for purposes of prosecuting Defendants accused of unlawfully entering naval territories in violation of 18 U.S.C. § 1382 (1993). Defendants maintain that members of the Judge Advocate General's staff of the United States Navy, by virtue of their position in the military, are incapable of impartially trying Defendants' cases.

 We disagree. The United States Attorney General has specific authorization to appoint Special Assistant United States Attorneys "when the public interest so requires." 28 U.S.C. § 543(a) (1993). This power does not contain any prohibitions on whom the Attorney General may appoint, nor any term limitations on those so appointed. *See United States v. Allred*, 867 F.2d 856 (5th Cir.1989). Nonetheless, Defendants maintain that the Special United States Attorneys who are from the Judge Advocate General's staff, solely by virtue of their position in the military, are incapable of maintaining the requisite degree of impartiality. Specifically, Defendants contend that members of the Judge Advocate General's staff have a conflict of interest because their first allegiance is to the United States Navy and that no member of the United States Navy, under the

"emotionally charged atmosphere surrounding these cases," would be able to remain impartial. *See Motion to Disqualify Navy Personnel from Serving as "Special Assistant United States Attorney" for Purposes of Prosecuting Defendants Accused of Entering Navy Lands in Vieques,* filed on September 8, 2000.

We do not agree with Defendants' assertions. Appointing Special Assistant United States Attorneys to assist in the large volume of cases resulting from protestors trespassing on Vieques is a logical response by a system that could have potentially become mired with cases. Foreseeing this as the likely occurrence, the United States Attorney for the District of Puerto Rico asked for and received assistance in the form of Special Assistant United States Attorneys from the United States Navy. These Special Assistant United States Attorneys are handling the cases and providing the necessary assistance to the United States Attorney's Office in Puerto Rico. They have conducted their work with the highest degree of professionalism, and there is no reason to believe this will change.

Furthermore, the type of conflict at issue in the cases cited by Defendants primarily relates to conflicts of a pecuniary or personal nature. *See, e.g., Young v. United States ex rel. Vuitton et Fils, S.A.,* 481 U.S. 787, 803, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (citing 18 U.S.C. § 208(a) (1994)); *United States ex rel. Securities and Exch. Comm'n. v. Carter,* 907 F.2d 484 (5th Cir.1990) (interest in outcome of underlying civil suit); *In re Grand Jury Proceedings,* 700 F.Supp. 626 (D.P.R. 1988), *aff'd.,* 875 F.2d 927 (1st Cir.1989) (interest in outcome of lawsuit filed by Defendant against prosecutor's brother). No such conflicts are presently before us.

In accordance with the foregoing, we DENY Defendants' motion.

**IT IS SO ORDERED.**